IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC HENDRIX,                                    6:11-CV- 06320 RE

          Plaintiff,                          **OPINION AND ORDER**

    v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

        Defendant.

**REDDEN,** Judge:

Plaintiff Eric Hendrix ("Hendrix") brings this action to obtain judicial review of a final

decision of the Commissioner of the Social Security Administration ("Commissioner") denying

his claim for Supplemental Security Income ("SSI") benefits.  For the reasons set forth below, the

decision of the Commissioner is affirmed and this matter is dismissed.

///

1  - OPINION AND ORDER

## BACKGROUND

Born in 1967, Hendrix filed his application for SSI benefits in October 2007. He has a limited education, and has past relevant work as a taper, construction worker, construction laborer, and janitor. Hendrix alleges disability since November 1, 2006, due to compressed discs and nerve damage. His applications were denied initially and upon reconsideration. A hearing was held in July 2010. The Administrative Law Judge ("ALJ") found him not disabled in an opinion issued in August 2010. Hendrix's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Hendrix had the medically determinable severe impairments of degenerative disc disease of the lumbar spine, status post cervical spine fusion, and carpal tunnel syndrome. Tr. 15.

The ALJ found that Hendrix's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 15.

The ALJ determined that Hendrix retained the residual functional capacity ("RFC") to perform a limited range of light work, with only occasional overhead reaching. Tr. 16.

The medical records accurately set out Hendrix's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

/ / /

/ / /

**DISCUSSION**

Hendrix contends that the ALJ erred by: (1) improperly determining his RFC; and (2) improperly rejecting lay testimony.

**I. Residual Functional Capacity**

Social Security Ruling 96-8p instructs the ALJ to consider "all relevant evidence" in making RFC findings, and to address the claimant's exertional and nonexertional capacity. SSR 96-8p at *5-6 (available at 1996 WL 374184). The ALJ found Hendrix retains the capacity to perform light work, which involves lifting up to 20 pounds occasionally and 10 pounds frequently, except that he can occasionally climb ladders, ropes, and scaffolds, stoop, crouch, and crawl, and can occasionally reach overhead bilaterally. Tr. 16.

In May 2010, Kim Webster, M.D., conducted a comprehensive orthopedic evaluation of Hendrix. Tr. 364-80. Dr. Webster concluded:

> Based on today's objective findings there is no reason to limit standing, walking, sitting, lifting, or carrying. No real reason for any postural, manipulative, environmental, communicative, visual problems or limitations. However, he does have mild-to-moderate bilateral carpal tunnel syndrome on the electrodiagnostic studies, as well as a moderately severe old left C7 radiculopathy, and a mild subacute left SI motor radiculopathy. Thus, he should have appropriate restrictions; mainly lifting, carrying, and with postural restrictions.

Tr. 368.

Dr. Webster completed a five page Medical Source Statement of Ability to do Work-Related Activities (Physical), in which he checked boxes indicating that Hendrix could occasionally lift and carry up to 20 pounds, and should never lift or carry more than that. Tr.

375. Dr. Webster indicated that Hendrix could, with the left or right hand, occasionally reach overhead, handle, finger, peel, push or pull. Tr. 377.

Hendrix contends that the ALJ erred by excluding the lifting and carrying restrictions found by Dr. Webster from the residual functional capacity finding. The Commissioner argues that the ALJ properly relied on the Dr. Webster's written report instead of the checkbox form, citing *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir. 1996). The *Crane* court found an ALJ properly gave less weight to a checkbox form when that form "doesn't contain any explanation of the bases of [the physician's] conclusions." *Crane,* 76 F.3d at 253. Here, Dr. Webster provided both a written report, in which he noted the objective electrodiagnostic evidence of carpal tunnel syndrome, and specified in the checkbox Medical Source Statement what those "appropriate restrictions" were.

The Commissioner contends that any error was harmless, because the Vocational Expert testified that an individual who could occasionally lift up to 20 pounds, and occasionally lift and carry up to 10 pounds, could still perform the identified jobs of rental clerk, furniture; blending tank helper; and bakery helper. Tr. 83. The Vocational Expert testified that individuals with limitations even more restrictive that those in the residual functional capacity finding could perform a significant number of sedentary jobs. Tr. 80-82. Sedentary work requires lifting no more than 10 pounds at a time. 20 C.F.R. § 416.967(a). The Vocational Expert testified that an indivdual, limited as identified in the residual functional capacity, but who could stand or walk only up to two hours, and requiring a sit/stand option, would be able to perform sedentary work, including type copy examiner; cutter and paster, press clippings; and ink printer. Tr. 81-82.

Based on the testimony of the Vocational Expert, the ALJ's failure to incorporate the limitations identified by Dr. Webster were harmless.

## II. Lay Witness

The ALJ has a duty to consider lay witness testimony.  20 C.F.R. § 404.1513(d); 404.1545(a)(3); 416.945(a)(3); 416.913(d); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition.  *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).  The ALJ may not reject such testimony without comment and must give reasons germane to the witness for rejecting her testimony.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  However, inconsistency with the medical evidence may constitute a germane reason.  *Lewis*, 236 F.3d at 512.  The ALJ may also reject lay testimony predicated upon the testimony of a claimant properly found not credible when the lay testimony repeats the limitations expressed in the claimant's testimony.  *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

Hendrix argues that the ALJ failed to credit the lay testimony of his fiancé, Debra Bray, that "there's times" when Hendrix had difficulty holding items mainly in his left, non-dominant hand.  Tr. 73.  The ALJ found both Hendrix and Bray less than fully credible.  Hendrix testified that he had trouble holding items, particularly with his left hand.  Tr. 60, 18.  The ALJ properly rejected this vague assertion.

/ / /

/ / /

/ / /

5  - OPINION AND ORDER

## CONCLUSION

For the above reasons, the Commissioner's decision is affirmed and this matter is dismissed.

IT IS SO ORDERED.

Dated this _10_ day of December, 2012.

JAMES A. REDDEN
United States District Judge

6 - OPINION AND ORDER